**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA RUSSELL, | ) | FILED: JULY 15, 2008 |
| | ) | 08CV4010 |
| Plaintiff, | ) | JUDGE GUZMAN |
| | ) | MAGISTRATE JUDGE COLE |
| vs. | ) CASE NO. | |
| | ) JUDGE:_____ | |
| UNUM LIFE INSURANCE | ) | PH |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

**TO:  THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT**
**OF ILLINOIS, EASTERN DIVISION**

Comes now Defendant, Unum Life Insurance Company of America ("Unum"), and respectfully

notifies this Court of the removal of the above-styled cause from the Circuit Court of Cook County,

Illinois, County Department, Law Division, to the United States District Court for the Northern District of

Illinois, Eastern Division, pursuant to 28 U.S.C. §1331, §1332, § 1367, §1441, and 29 U.S.C. §1132, and

says as follows:

I.

This action is being removed to federal court based upon the following alternative federal

jurisdictional bases: federal question jurisdiction under 28 U.S.C. §1331 and under the Employee

Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereafter "ERISA"); diversity of

citizenship under 28 U.S.C. §1332; and supplemental jurisdiction under 28 U.S.C. §1367.

II.

1

On or about June 19, 2008, Plaintiff filed in the state court the above-entitled civil action bearing case number 2008-L-006688 in the records and files of that court.

### III.

The aforesaid state court action is a suit of a wholly civil nature of which the United States District Court for the Northern District of Illinois, Eastern Division, has original jurisdiction under 28 U.S.C. §1331, §1332, and 29 U.S.C. §1132, and is one that may be removed by petitioner pursuant to 28 U.S.C. §1441(a) and (b).

### IV.

This Court has federal question jurisdiction over the action because Plaintiff, as an alleged beneficiary under an employee welfare benefit plan, seeks recovery of benefits and other relief under said employee welfare benefit plan. The plan is controlled by ERISA:

    a.    At all times relevant hereto, the Plaintiff's decedent's former employer established and/or maintained an employee welfare benefit plan and Plaintiff's decedent was covered under said employee welfare benefit plan, and, as such, was a participant and/or beneficiary under said employee welfare benefit plan;

    b.    The plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. §1002(5). That section defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . .";

    c.    The plan was established and is maintained for, among other things, the purpose of providing, among other things, accidental death benefits for participants and/or beneficiaries of the plan;

    d.    The plan was and is therefore an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1);

    e.    Plaintiff's claim is one for recovery of benefits and other relief under said employee welfare benefit plan; and

    f.      Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee welfare benefit plans.

V.

In addition or alternatively, this Court has subject matter jurisdiction over this matter because this is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Among other things, Plaintiff's complaint seeks $83,000.00 in accidental death benefits. Thus, although Defendant denies that Plaintiff is entitled to any remedy herein, much less the remedies sought in the complaint, the amount sought by Plaintiff in her complaint and put at issue in this case exceeds the statutory minimum of $75,000.00. Plaintiff Linda Russell is a citizen of the State of Illinois. Defendant Unum is incorporated in the State of Maine and maintains its principal place of business in the State of Maine.

VI.

In addition and alternatively, this Court has federal question jurisdiction under ERISA of this matter and, to the extent this Court should determine that any of plaintiff's claims are not preempted by ERISA, this Court would have supplemental jurisdiction over such claims because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

VII.

This action is therefore one of which the United States District Court for the Northern District of Illinois, Eastern Division, has original federal question jurisdiction under 28 U.S.C. §1331 and 1441(b), as

well as 29 U.S.C. §1132, diversity of citizenship jurisdiction under 28 U.S.C. §1332 and §1441(a), and this

action may be removed to this Court by petitioner pursuant to 28 U.S.C. §§1441(a) and (b).  Cook County,

Illinois is within the venue of the Eastern Division of the United States District Court for the Northern

District of Illinois.

VIII.

This petition is being filed pursuant to 28 U.S.C. §1446 within thirty (30) days of service of the

initial pleading in which a removable claim is asserted, and is removable in that:

a.    The time for filing this petition under 28 U.S.C. §1446 has not expired;

b.    Plaintiff artfully crafted her pleading based wholly upon state law causes of action, claims and/or theories of recovery; and

c.    In the companion cases of Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58 (1987), and Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41 (1987), the United States Supreme Court established that state law claims such as those asserted by plaintiffs herein are preempted by ERISA, in that ERISA, 29 U.S.C. §1132, provides the plaintiffs' exclusive cause of action and displaces entirely any state cause of action, thus rendering plaintiffs' case, however pleaded, exclusively a federal question case removable to this Court;

d.    The parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;

e.    To the extent any of Plaintiff's claims are governed by state law, this Court has supplemental jurisdiction over such claims.

IX.

Therefore, Defendant files this Notice of Removal of this action from the Circuit Court of Cook County, Illinois, County Department, Law Division, in which it is now pending, to the United States District Court for the Northern District of Illinois, Eastern Division.  There are attached to this notice, marked Exhibit "A" and incorporated by reference, true and correct copies of all process, pleadings, and orders served upon Defendant in this action.

X.

Defendant has filed a true and correct copy of this Notice of Removal with the Clerk of the Court of Cook County, Illinois, County Department, Law Division, marked Exhibit "B."

**WHEREFORE,** Defendant notifies this Court of the removal of this action from the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Attorneys for Defendant

 s/ Eric P. Mathisen
Mark E. Schmidtke, 1733-45 (Indiana)
Eric P. Mathisen, 19475-71 (Indiana)
Two First National Plaza, 25th Floor
20 South Clark St.
Chicago, IL 60603
Tel: (312) 558-1220
Fx:  (312) 807-3619
mark.schmidtke@ogletreedeakins.com
eric.mathisen@ogletreedeakins.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2008, the foregoing document was filed and served via U.S. First Class Mail, postage prepaid, to the following:

> John M. Burke
> BURKE & BURKE
> 30 N. LaSalle Street, Suite 2800
> Chicago, Illinois 60602
> (312) 263-6300
>
> DUDLEY & LAKE, LLC
> 30 North LaSalle Street, Suite 2800
> Chicago, Illinois 60602
> (312) 263-6300
>
> **Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
> One of the Attorneys for Defendant
>
>
>  s/ Eric P. Mathisen
> Eric P. Mathisen, 19475-71 (Indiana)

Two First National Plaza, 25th Floor
20 South Clark Street
Chicago, IL 60603
Tel: (312) 558-1220
Fx:  (312) 807-3619
eric.mathisen@ogletreedeakins.com

6501289.1 (OGLETREE)

6

6501289.1 (OGLETREE)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | | |
|---|---|---|---|
| LINDA RUSSELL, | ) | | |
| | ) | | |
| Plaintiff, | ) | | 08CV4010 |
| | ) | | |
| v. | ) | No. | JUDGE GUZMAN |
| | ) | | MAGISTRATE JUDGE COLE |
| UNUM LIFE INSURANCE COMPANY | ) | | |
| OF AMERICA, | ) | | PH |
| | ) | | |
| Defendant. | ) | | |

## COMPLAINT AT LAW

Plaintiff, LINDA RUSSELL, by her attorneys, BURKE & BURKE and DUDLEY & LAKE, LLC, and complaining of defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum"), states as follows:

1.    On and prior to November 25, 2007, plaintiff, Linda Russell, was the lawful wife, and is now the widow of Robert Russell, deceased.

2.    At all times mentioned, Unum was and still is, a corporation organized and existing under Maine law, engaged in the insurance business , and having its principal office and place of business at 2211 Congress Street, Portland, Maine 04122.

3.    At all times relevant to this action, Unum maintained offices and transacted in the insurance business in Illinois, and engaged in that business in Chicago, Illinois, County of Cook and elsewhere in this state.

4.    As a result of the insurance business and the resulting transactions within Illinois, Unum has derived substantial profits and revenue.

5.    On or about October 1, 2005, for a good, valuable and sufficient consideration paid to it by Robert Russell, UNUM made, executed and delivered to Robert Russell at 11749 Bolton Lane, Orland Park, IL 60467, County of Cook, its policy of accidental death and dismemberment insurance, No. 350105 013, dated on that day.  The policy promised and agreed, among other things, to pay "1x base salary to a maximum of $500,000.00" to plaintiff for accidental death or dismemberment.  (A copy of the referenced policy is attached hereto as Exhibit "A").

6.    Insured, Robert Russell, deceased, then and subsequently duly paid to Unum all regular and extra premiums as prescribed and required by said policy.  Until the time of his death, Robert Russell duly kept and performed all conditions, obligations, and requirements on his part to be kept and performed according to the terms of the policy.

7.    Afterwards, on or about November 25, 2007, and while the policy was in full force and effect, Robert Russell was involved in an accident whereby he sustained blunt trauma to the chest that ultimately resulted in his death in Dixon, Illinois.

8.    Linda Russell is the person named as the primary beneficiary in the beneficiary provision of the policy.  On the death of insured, Robert Russell, she gave immediate notice of it to Unum.  At all times since the death, Linda Russell has duly kept and performed all conditions and terms of the policy on her part to be kept and performed.  In January, 2008, Linda Russell furnished and delivered to UNUM proof of Robert Russell's accidental death.

9.    As a result, Unum became liable on the death of Robert Russell and on the furnishing by plaintiff of notice and proof of the death to Unum namely on or about January,

2008 to pay EIGHTY-THREE THOUSAND DOLLARS and 00/100 ($83,000.00) to Linda Russell

as the policy promised, together with interest on it at the legal rate from that date.

10.    Although the amount has long since become due and payable to Linda Russell

under the policy and Linda Russell has often requested payment of it, Unum has failed and

refused, and still fails and refuses, to pay the same or any part of it; to the plaintiff's damage of

$83,000.00.

WHEREFORE, plaintiff, LINDA RUSSELL, demands judgment against defendant for

$83,000.00, together with interest from November 25, 2007, to the date of entry of judgment, and

costs of the action.

Respectfully submitted,

One of Plaintiff's Attorneys

John M. Burke
BURKE & BURKE, LTD.
30 North LaSalle Street
Suite 2800
Chicago, Illinois 60602
312.726.6630
Attorney No. 21702

Marc E. McCallister
DUDLEY & LAKE
30 N. LaSalle Street
Suite 2800
Chicago, Illinois 60602
312.263.6300
Attorney No. 39679

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LINDA RUSSELL, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. |
| | ) |
| UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)

Pursuant to Supreme Court Rule 222(B), counsel for the above-named plaintiff certifies that plaintiff seeks money damages in excess of Fifty Thousand and 00/100 Dollars ($50,000.00).

BURKE & BURKE

By: _____

John M. Burke
BURKE & BURKE
30 N. LaSalle Street, Suite 2800
Chicago, Illinois  60602
(312) 263-6300
# 21702

DUDLEY & LAKE, LLC
30 North LaSalle Street, Suite 2800
Chicago, Illinois  60602
(312) 263-6300
# 39679

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LINDA RUSSELL,                                )
                                              )
                Plaintiff,                    )
                                              )
        v.                                    )        No.
                                              )
UNUM LIFE INSURANCE COMPANY                   )
  OF AMERICA,                                 )
                                              )
                Defendant.                    )

## CERTIFICATE OF ATTORNEY

Pursuant to Administrative Order No. 85-7, I hereby certify that:

☒     There has been no previous voluntary or involuntary dismissal of   the
       subject matter of this litigation.

☐     There has been a previous voluntary or involuntary dismissal of the
       subject matter of this litigation and at the time of the dismissal that Case
       No. _____ was assigned to The   Honorable_____.

☒     There is no other litigation presently pending in this County
       involving the parties to and/or subject matter of this lawsuit.

☐     There is presently pending other litigation in this County involving
       the parties to or subject matter to this lawsuit and that case or cases
       is/are assigned Case No./Nos. _____, which is assigned to  The
       Honorable_____.

                        BURKE & BURKE

                        By:_____

John M. Burke
BURKE & BURKE
30 N. LaSalle Street, Suite 2800
Chicago, Illinois  60602
(312) 263-6300
#21702

DUDLEY & LAKE, LLC
30 North LaSalle Street, Suite 2800
Chicago, Illinois  60602
(312) 263-6300
#39679

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| LINDA RUSSELL, | ) | 08CV4010 |
| | ) | JUDGE GUZMAN |
| Plaintiff, | ) | MAGISTRATE JUDGE COLE |
| | ) | |
| vs. | ) | PH |
| | ) | No. 2008 L 006688 |
| UNUM LIFE INSURANCE | ) | Cal. V |
| COMPANY OF AMERICA, | ) | Judge Barbara McDonald, Presiding |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on the **15th day of July, 2008**, Defendant filed a NOTICE OF REMOVAL, a copy of which is attached hereto, of the above-entitled action from this Court to the United States District Court for the Northern District of Illinois, Eastern Division.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of the Notice of Removal in the United States District Court effects the removal of this action, and this Court may proceed no further in this case unless directed by the United States District Court.

UNUM LIFE INSURANCE CO. OF AMERICA

By: _____
One of Its Attorneys

Jennifer L. Colvin
OGLETREE, DEAKINS, NASH,
     SMOAK & STEWART, P.C.
Attorneys for Defendant
20 S. Clark Street, 25th Floor
Chicago, Illinois 60603-1891
(312) 558-1234
ARDC No. 6274731

1

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2008 the foregoing NOTICE OF FILING NOTICE OF REMOVAL together with a copy of the document referenced therein were filed and served via U.S. First Class Mail, postage prepaid, to the following:

> John M. Burke
> DUDLEY & LAKE, LLC
> 30 North LaSalle Street, Suite 2800
> Chicago, Illinois 60602
> (312) 263-6300

> **Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
> One of the Attorneys for Defendant

> Jennifer L. Colvin

Two First National Plaza, 25th Floor
20 South Clark Street
Chicago, IL 60603
Tel: (312) 558-1220
Fx:  (312) 807-3619
jennifer.colvin@ogletreedeakins.com

6501931.1 (OGLETREE)