IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08-cv-4010 |
| | ) | Judge Guzman |
| UNUM LIFE INSURANCE COMPANY | ) | Magistrate Judge Cole |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Defendant, Unum Life Insurance Company of America, by counsel, and for its Answer to Plaintiff's Complaint states as follows:

1. On and prior to November 25, 2007, plaintiff, Linda Russell, was the lawful wife, and is now the widow of Robert Russell, deceased.

ANSWER: Defendant admits the material allegations contained in paragraph 1 of Plaintiff's Complaint.

2. At all times mentioned, Unum was and still is, a corporation organized and existing under Maine law, engaged in the insurance business, and having its principal office and place of business at 2211 Congress Street, Portland, Maine 04122.

ANSWER: Defendant admits the material allegations contained in paragraph 2 of Plaintiff's Complaint.

3. At all times relevant to this action, Unum maintained offices and transacted in the insurance business in Illinois, and engaged in that business in Chicago, Illinois, County of Cook and elsewhere in this state.

ANSWER: Defendant admits that it conducted and transacted business in Illinois, including Chicago, Illinois. Defendant denies the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4. As a result of the insurance business and the resulting transactions within Illinois, Unum has derived substantial profits and revenue.

ANSWER: Defendant admits that it has received revenue from conducting business within Illinois. Defendant denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5. On or about October 1, 2005, for a good, valuable and sufficient consideration paid to it by Robert Russell, UNUM made, executed and delivered to Robert Russell at 11749 Bolton Lane, Orland Park, IL 60467, County of Cook, its policy of accidental death and dismemberment insurance, No. 350105 013, dated on that day. The policy promised and agreed, among other things, to pay "1x base salary to a maximum of $500,000.00" to plaintiff for accidental death or dismemberment. (A copy of the referenced policy is attached hereto as Exhibit "A".

ANSWER: Defendant admits that Robert Russell's employer provided him with accidental death and dismemberment insurance with an effective date of October 1, 2005 (group id 350105 003). The policy set forth in written documents that speak for themselves and provide the best evidence of their contents. Defendant denies the remaining allegations of paragraph 5 of Plaintiff's Complaint.

6. Insured, Robert Russell, deceased, then and subsequently duly paid to Unum all regular and extra premiums as prescribed and required by said policy. Until the

time of his death, Robert Russell duly kept and performed all conditions, obligations, and requirements on his part to be kept and performed according to the terms of the policy.

ANSWER:    Defendant admits that premium payments were made, but it denies the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7.    Afterwards, on or about November 25, 2007, and while the policy was in full force and effect, Robert Russell was involved in an accident whereby he sustained blunt trauma to the chest that ultimately resulted in his death in Dixon, Illinois.

ANSWER:    Defendant admits Robert Russell died on November 25, 2007, in Dixon, Illinois while the policy was in effect.  Defendant denies the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Linda Russell is the person named as the primary beneficiary in the beneficiary provision of the policy. On the death of insured, Robert Russell, she gave immediate notice of it to Unum. At all times since the death, Linda Russell has duly kept and performed all conditions and terms of the policy on her part to be kept and performed. In January, 2008, Linda Russell furnished and delivered to UNUM proof of Robert Russell's accidental death.

ANSWER:    Defendant admits that Plaintiff was the primary beneficiary of the policy and that she provided timely notice of her claim.  Defendant denies the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9.    As a result, Unum became liable on the death of Robert Russell and on the furnishing by plaintiff of notice and proof of the death to Unum namely on or about January, 2008 to pay EIGHTY-THREE THOUSAND DOLLARS and 00/100

($83,000.00) to Linda Russell as the policy promised, together with interest on it at the legal rate from that date.

ANSWER: Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Although the amount has long since become due and payable to Linda Russell under the policy and Linda Russell has often requested payment of it, Unum has failed and refused, and still fails and refuses, to pay the same or any part of it; to the plaintiff's damage of $83,000.00.

ANSWER: Defendant admits that accidental death benefits have not been paid. Defendant denies the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by her Complaint, for attorneys' fees and costs, and for all other just and proper relief.

## ADDITIONAL DEFENSES

Comes now Defendant, Unum Life Insurance Company of America, by counsel, and for its Additional Defenses to Plaintiff's Complaint states as follows:

**I.**

11. Plaintiff's claims are governed exclusively by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq., as amended ("ERISA").

12. Any state law claims are completely preempted by ERISA and must be dismissed.

**II.**

13.  Pursuant to the terms of the plan and policy, Unum Life Insurance Company of America had discretion to determine eligibility for benefits and to interpret the terms of the policy.

14.  The decision by Unum Life Insurance Company of America to deny Plaintiff's claim for benefits was not arbitrary and capricious or an abuse of discretion and/or was otherwise in accordance with the terms of the plan and policy.

**III.**

15.  The parties agreed and were bound by the terms, conditions, and exclusions set forth in the policy.

16.  Plaintiff's claim is barred by the terms, conditions, and exclusions of the policy, including, but not limited to, the policy's exclusions for losses caused by, contributed to by, or resulting from being intoxicated.

17.  Plaintiff's claim is barred by the terms, conditions, and exclusions of the policy, including, but not limited to, the policy's exclusions for losses caused by, contributed to by, or resulting from an attempt to commit or commission of a crime under state or federal law.

18.  Robert Russell's death was not due to accidental bodily injury as defined by the policy.

**IV.**

19.  Any request for a jury trial must be denied and stricken because the case is preempted by ERISA.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by her Complaint, for attorneys' fees and costs, and for all other just and proper relief.

                                              Respectfully submitted,
                                              OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.

                                              By:*/s/ Eric P. Mathisen*

Dated:  August 4, 2008
Eric P. Mathisen, Indiana Bar No. 19475
Two First National Plaza, 25th Floor
20 South Clark Street
Chicago, IL 60603
Phone: (312) 558-1220
Facsimile: (312) 807-3619
*Eric.Mathisen@ogletreedeakins.com*
*Attorneys for Defendant Unum Life Insurance Company of America*

CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008, the foregoing document was filed and served via the Court's ECF electronic filing system to the following:

>John M. Burke
>BURKE & BURKE
>30 N. LaSalle Street, Suite 2800
>Chicago, Illinois 60602
>(312) 263-6300
>
>Mark McCallister
>DUDLEY & LAKE, LLC
>30 North LaSalle Street, Suite 2800
>Chicago, Illinois 60602
>(312) 263-6300

>*/s/ Eric Mathisen*
>*One of the Attorneys for Defendant*

OGLETREE DEAKINS NASH SMOAK & STEWART P.C.
Two First National Plaza, 25th Floor
20 South Clark Street
Chicago, IL 60603
Phone: (312) 558-1220
Facsimile: (312) 807-3619

6552038.1 (OGLETREE)